**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on February 9, 2012, which may be different from its entry on the record.**

IT IS SO ORDERED.

Dated: February 9, 2012

ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 11-17737 |
| | ) | |
| MATTHEW P. LOMBARDY, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |
| | ) | |

## MEMORANDUM OF OPINION[1]

This matter is before the Court on the trustee's objection to the debtor's claim of an exemption enumerated on Schedule C and amended Schedule C of the debtor's Chapter 7 petition.  At issue is whether a Health Savings Account held by the debtor is exempt as the equivalent of an Individual Retirement Account ("IRA").  For the reasons that follow, the Court sustains the trustee's objection to the  exemption as set forth on amended Schedule C and denies the debtor's claim of exemption.  The Court finds that the Health Savings Account is not exempt under either Ohio law or Section 522 of the Bankruptcy Code.

---

[1]  This Memorandum of Opinion is not intended for official publication.

Objections to claims of exemptions are core proceedings under 28 U.S.C. § 157(b)(2)(B). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

FACTS AND PROCEDURAL BACKGROUND

On September 7, 2011, the debtor filed a petition under Chapter 7 of the Bankruptcy Code. On Schedule C the debtor claimed an exemption of $6,000 in a Health Savings Account under Ohio Rev. Code § 2329.66(A)(10)(c). On October 27, 2011, the trustee, Steven Davis, filed an objection to the debtor's claim of exemption (Docket #12), and on November 15, 2011, the debtor filed his response to the trustee's objection (Docket #16). On November 22, 2011, the Court held a hearing on the objection and response and ordered stipulations of fact to be filed by December 13, 2011, and simultaneous briefs to be filed on January 9, 2012. Following the briefing, the Court would take the matter under advisement.

On December 13, 2011, a Joint Stipulation of Facts was filed, in which the debtor and the trustee stipulated that: "1. Debtor filed his Chapter 7 case on September 7, 2011. 2. On the date of the filing, the debtor was the owner of a Health Savings Account with Key Bank. . . . 3. The Health Savings Account had a

2

balance on deposit of $7,743.37 on September 7, 2011." (Docket #21). On January 3, 2012, the trustee filed his brief in support of the objection to the exemption (Docket #24). On January 6, 2012, the debtor filed an amended Schedule C claiming that the amount of $7,743.37 in the Health Savings Account was exempt pursuant to 11 U.S.C. § 522(b)(3)(C) as well as Ohio Rev. Code § 2329.66(A)(10)(c) (Docket ## 25 & 27). On January 9, 2012, the debtor filed his brief in support of the claimed exemption, (Docket #28), and on January 11, 2012, the trustee filed his objection to the amended claim of exemption (Docket #29). On February 7, 2012, the debtor filed a further response to the objection of the trustee to the amended claim of exemption reiterating his position. (Docket #31).

The debtor claims that he is entitled to the exemption under Ohio Rev. Code § 2329.66(A)(10)(c) and also pursuant to 11 U.S.C. § 522(b)(3)(C). The trustee claims that the Health Savings Account is not entitled to exemption since it is not a "retirement account," as provided for under Ohio law, and it does not meet the requirements of 11 U.S.C. § 522(b)(3)(C) as it is not exempt from taxation under any of the Internal Revenue Code sections provided in Section 522.

## DISCUSSION

### A.    Exemptions:  the Bankruptcy Code and Ohio Law

Section 541 of the Bankruptcy Code defines "property of the estate."

Subject to a few specifically enumerated exceptions, the estate consists of all legal

and equitable interests in property a debtor has at the commencement of a

Chapter 7 case.  *See* 11 U.S.C. § 541.  However, the Bankruptcy Code allows a

debtor to claim certain property as exempt.  *See* 11 U.S.C. § 522.  A state may

adopt the federal exemptions contained in Section 522, or create its own

exemption framework.  *Id.*  Ohio has opted out of the federal exemptions.  *See*

Ohio Rev. Code § 2329.662.  Therefore, any property that a debtor domiciled in

Ohio seeks to exempt must fall within an exemption authorized under Ohio law or

nonfederal bankruptcy law.

Even though Ohio has opted out of the exemptions provided by the

Bankruptcy Code, it is still within the power of Congress to preempt state court

exemptions.  *Storer v. French (In re Storer)*, 58 F.3d 1125, 1128-29 (6th Cir.

1995); *In re Malsch*, 400 B.R. 584, 591 (Bankr. N.D. Ohio 2008).  By way of the

enactment of BAPCPA in 2005,[2] Congress exercised this prerogative, creating a

---

[2]  BAPCPA is the acronym for the Congressional Act entitled the
Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Public Law
109-8, 119 Stat. 23.

4

category of exemption rights that may be exercised by a debtor even if the debtor's state has opted out of the federal exemption scheme. 4 Collier on Bankruptcy ¶ 522.10[8] (Alan N. Resnick & Henry J. Sommer eds.,16th ed.). Pursuant to Section 522(b)(3)(C), it is provided that, notwithstanding state law, a debtor may exempt "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." *Malsch*, 400 B.R. at 592.

"The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367, 127 S. Ct. 1105, 1107 (2007) (internal quotations and citations omitted). Exemptions further this policy goal by allowing a debtor to protect property which is necessary for the survival of both the debtor and the debtor's family. As such, exemptions are to be construed liberally in favor of the debtor. *See Daugherty v. Cent. Trust Co. of Northeastern Ohio, N.A.*, 28 Ohio St.3d 441, 447, 504 N.E.2d 1100, 1104-05 (1986). A party objecting to the debtor's claim of exemptions "has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c). In support of this burden, the trustee has raised arguments regarding the debtor's right to claim his Health Savings Account as exempt under both Ohio Rev. Code § 2329.66 and 11 U.S.C. § 522.

5

B.  Ohio Revised Code § 2329.66(A)(10)(c) and 11 U.S.C. § 522(b)(3)(C)

The first issue to address is whether the debtor's claim of exemption is permitted under Ohio Rev. Code § 2329.66(A)(10)(c).  This section provides:

> (c)  Except for any portion of the assets that were deposited for the purpose of evading the payment of any debt and except as provided in sections 3119.80, 3119.81, 3121.02, 3121.03, and 3123.06 of the Revised Code, the person's right in the assets held in, or to receive any payment under, any individual retirement account, individual retirement annuity, "Roth IRA," or education individual retirement account that provides benefits by reason of illness, disability, death, or age, to the extent that the assets, payments, or benefits described in division (A)(10)(c) of this section are attributable to any of the following:
>
> (i) Contributions of the person that were less than or equal to the applicable limits on deductible contributions to an individual retirement account or individual retirement annuity in the year that the contributions were made, whether or not the person was eligible to deduct the contributions on the person's federal tax return for the year in which the contributions were made;
>
> (ii) Contributions of the person that were less than or equal to the applicable limits on contributions to a Roth IRA or education individual retirement account in the year that the contributions were made;
>
> (iii) Contributions of the person that are within the applicable limits on rollover contributions under subsections 219, 402(c), 403(a)(4), 403(b)(8), 408(b), 408(d)(3), 408A(c)(3)(B), 408A(d)(3), and 530(d)(5) of the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C.A. 1, as amended.

In addition, the debtor claims that the Health Savings Account exemption is

6

permitted under 11 U.S.C. § 522(b)(3)(C), which provides, in pertinent part:

> (C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457 or 501(a) of the Internal Revenue Code of 1986.

The debtor states in his brief in support of the exemption that the "definition of a Health Savings Account . . . and an Individual Retirement Account . . . are substantially the same and therefore provide equivalent protections and benefits." Brief in Support at 1 ("Br. in Sup.") (Docket #28).   He further states that a Health Savings Account is defined under Section 223(d) of the Tax Code and an IRA is defined under Section 408(a) of the Tax Code.  Br. in Sup. at 2.  He cites to 26 U.S.C. § 223(d) and 26 U.S.C. § 408(d) and points out that the statutes defining the two entities have many similarities.  He further states that "[c]learly, it was Congress' intent to make a Health Savings Account a retirement account as defined in 26 U.S.C. § 408(d)."  Br. in Sup. at 4.  He concludes that a "Health Savings Account" and an "Individual Retirement Account" are so similar that they should be given the same treatment under Ohio law and the Bankruptcy Code. Br. in Sup. at 4-5.

The trustee objects stating that a Health Savings Account is not a retirement account exempt under Ohio Rev. Code § 2329.66.  Brief in Support of Obj. at 2 (Docket #24).  He also states that a Health Savings Account is treated for tax

purposes under 26 U.S.C. § 223(d), and therefore does not fall under any of the provisions of 11 U.S.C. § 522.  Obj. to Am. Claim at 1 (Docket #29).

The Court first notes that the debtor's argument violates a fundamental tenet of statutory construction: that is, that all the words of a statute should be given meaning.  The debtor asks the Court to accept his interpretation which essentially reads the word "retirement" out of the phrases "retirement account," "retirement annuity," "Roth IRA," "education individual retirement account," and "retirement funds" as used in Ohio Rev. Code § 2329.66 and 11 U.S.C. § 522.

When engaged in the task of statutory interpretation, courts must "presume that the legislature says in a statute what it means and means in a statute what it says there."  *State ex rel. Lee v. Karnes,* 103 Ohio St.3d 559, 564, 817 N.E.2d 76, 81 (2004) (internal citation omitted), citing *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 124 S. Ct. 1587 (2004).  For this purpose, when construing Ohio statutes, Ohio law mandates that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Ohio Rev. Code § 1.42.

In addition, the court should decline to construe a "provision[] . . . nugatory, 'thereby offending the well-settled rule that all parts of a statute, if possible, are to be given effect.' "  *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141,

8

163, 102 S. Ct. 3014, 3027 (1982) (quoting *American Textile Mfrs. Institute, Inc. v. Donovan*, 452 U.S. 490, 513, 101 S. Ct. 2478, 2492 (1981)). The Court assumes that, absent any contrary definition, "Congress intends the words in its enactments to carry 'their ordinary, contemporary, common meaning.' " *Pioneer Investment Services v. Brunswick Associates*, 507 U.S. 380, 388, 113 S. Ct. 1489, 1495 (1993) (quoting *Perrin v. United States*, 444 U.S. 37, 42, 100 S. Ct. 311, 314 (1979)). Only if the term is ambiguous should the Court proceed beyond the language as written. *United States v. Ron Pair Enterprises*, 489 U.S. 235, 241, 109 S. Ct. 1026, 1030 (1989). However, the words of a statute are not to be read in isolation when determining whether a term is ambiguous since "[s]tatutory construction . . . is a holistic endeavor." *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 371, 108 S. Ct. 626, 630 (1988). "Interpretation of a word or a phrase depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis." *Dolan v. United States Postal Service*, 546 U.S. 481, 486, 126 S. Ct. 1252, 1257 (2006).

Applying these standards to this case, the Court looks to 11 U.S.C. § 522 (b)(3)(C) and Ohio Rev. Code § 2329.66(A)(10)(c) in determining the plain meaning of "retirement funds" (as found in 11 U.S.C. § 522(b)(3)(C)), and

9

"retirement account," "retirement annuity," "Roth IRA," and "education individual retirement account" (as found in Ohio Rev. Code § 2329.66(A)(10)(c)). The common thread in all the relevant phrases is "retirement." Although neither the Bankruptcy Code nor Ohio exemption law define "retirement," the term generally is defined as "[t]ermination of one's own employment or career, esp. upon reaching a certain age . . . ." *Black's Law Dictionary* 1431 (9th ed. 2009). Although the debtor is to be commended for setting up a Health Savings Account at a time when the cost of health care is so volatile, the word "retirement" does not appear in the phrase "Health Savings Account." The phrase "Health Savings Account" cannot reasonably be understood to authorize the exemption of an account or plan which can be used by the recipient without regard to age or retirement status. Pursuant to 26 U.S.C. § 223(f)(1) "[a]ny amount paid or distributed out of a Health Savings Account which is used exclusively to pay qualified medical expenses of any account beneficiary shall not be included in gross income." The statute does not put any limitation on when, or at what age, those distributions may, or must, be made. *See* 26 U.S.C. § 223. In contrast, distributions made from retirement plans before the age of 59 1/2 are subject to a tax of 10% of the amount included in gross income, to which only several exceptions apply. *See* 26 U.S.C. § 72(t)(1) & (t)(2)(i).

10

In addition, it is clear that neither the state of Ohio nor Congress intended to make a Health Savings Account a "retirement account." A Health Savings Account's tax status is governed by 26 U.S.C. § 223(d). Ohio Rev. Code § 2329.66(A)(10)(c)(iii) lists the subsections of the Internal Revenue Code which are applicable to that exemption, and Section 223(d) of the IRS Code does not appear in that list. In addition, 11 U.S.C. § 522(b)(3)(C) also lists "retirement funds" which can be exempted. Again, Section 223(d) does not appear on the list. Effective September 30, 2008, the Ohio state legislature caused significant changes to be made to Ohio's exemption law, 2008 Ohio Laws File 122 (Sub.S.B.281), and IRC Section 223(d) was not added to the list of tax exempt sections included in Section 2329.66(A)(10)(c). *See In re Stanger*, 385 B.R. 758 (Bankr. D. Idaho 2008) (holding that the debtors' Health Savings Account did not fall within any of the Idaho exemptions, and noting that although other states had amended their statutes to specifically exempt Health Savings Accounts, Idaho had not followed suit). In addition, Bankruptcy Code Section 522 has not been expanded to include Section 223(b).

Although the debtor correctly argues that some provisions of the Internal Revenue Code providing for Health Savings Accounts and Individual Retirement Accounts are similar, and that exemptions are to be construed liberally, the Ohio

11

Supreme Court has spoken on these matters:

> [E]ven a liberal construction of R.C. § 2329.66 does not give us license to enlarge this statute or strain its meaning. We have made it clear that . . . [b]y 'liberal construction' is not meant that words and phrases shall be given an unnatural meaning, or that the meaning shall be . . . expanded to meet a particular state of facts. . . . [W]e are not free, in interpreting this statute, simply to rewrite it on grounds we are thereby improving the law.

*Daugherty*, 28 Ohio St.3d at 447, 504 N.E.2d at 1105 (internal citations omitted).

*Accord In re Schramm*, 431 B.R. 397, 403 (6th Cir. BAP 2010) (following *Daugherty* and declining to extend Ohio exemption statute to exempt insurance proceeds from beneficiary's own creditors). Neither 11 U.S.C. § 522 nor Ohio Rev. Code § 2329.66 permits the debtor to exempt funds held in a Health Savings Account.

## CONCLUSION

For the foregoing reasons, the Court sustains the trustee's objection to exemption and denies the debtor's claim of exemption. The debtor's funds held in a Health Savings Account are not exempt under either Ohio exemption law or Section 522 of the Bankruptcy Code.

IT IS SO ORDERED.